Walter D. SOUTHARD, Plaintiff,

v.

PENNSYLVANIA RAILROAD COM-
PANY, Defendant.

Civ. A. No. 23793.

United States District Court
E. D. Pennsylvania.
Dec. 15, 1959.

Richter, Lord & Levy, B. Nathaniel Richter, Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Myers & Rhoads, Matthew J. Broderick, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a Motion for Sanctions pursuant to the provisions of Rule 37 of the Federal Rules of Civil Procedure, 28 U.S. C.A.[1]

---

1. Although plaintiff does not mention Rule 37 specifically in either his motion or brief in support of his motion, Rule 37 is the only source of the Court's power to impose sanctions for refusal to make discovery.

Plaintiff contends that defendant wilfully filed false answers to plaintiff's interrogatories. Plaintiff requests, therefore, that judgment in his favor be entered in this case.

We conclude, from a study of the interrogatories and answers in issue here and from oral argument by the attorneys, that the defendant answered in good faith, intending neither to mislead plaintiff nor to withhold information requested by plaintiff. We do think, however, that in answering plaintiff's interrogatories Nos. 29 and 30, defendant should have included the names of those men whose statements, taken by defendant, revealed their *claims* of having made complaints about the switch to defendant's yardmasters.[2] Defendant reasonably explained its failure to include the names of these men in its answer by pointing out that the records of defendant's personnel authorized to receive such complaints did not show any notation of complaints allegedly made by these men. We think this explanation is adequate to exculpate defendant from plaintiff's charge of wilfully filing false answers.

We wish to note also that Rule 37(b) (2) (iii) empowers the Court to enter a judgment against a party who refuses to *obey an order* made under subdivision (a) of Rule 37. There was no such order outstanding against defendant in this case. Furthermore, Rule 37 deals with a "Refusal to Make Discovery," e. g., a refusal to answer an interrogatory. Defendant here filed answers to all plaintiff's interrogatories. Even if the defendant had filed false answers, it is extremely doubtful that such filing

should be considered tantamount to a refusal to answer.[3]

Therefore, on this 15th day of December, 1959, it is ordered that plaintiff's motion for sanctions is denied.

---

2. For a remarkably similar case, see Stom v. Pennsylvania R. Co., D.C.E.D.Pa.1953, 15 F.R.D. 284.

3. "The rules make no provision for a remedy against incomplete, evasive, and false answers. In such cases the courts usually order further answers on motion of the propounding party. [Citing cases.] It has been held that false answers cannot be held to be a contempt of court without a clear showing of perjury or obstruction of justice. [Citing cases.]" Barron and Holtzoff, Federal Practice and Procedure, Vol. 2, p. 480.