Michael J. **BADALAMENTI**, Plaintiff,

v.

**DUNHAM'S, INC., Kinney Shoe Corporation, and Hyde Athletic Industries, Inc., Defendants.**

**Civ. A. No. 85–71040.**

United States District Court, E.D. Michigan, S.D.

Dec. 17, 1987.

Ernie L. Brooks, Robert C.J. Tuttle, Brooks & Kushman, Southfield, Mich., for plaintiff.

Ronald L. Hofer, Harness, Dickey & Pierce, Birmingham, Mich., for defendants; David Wolf, John L. Welch, Wolf, Greenfield & Sacks, P.C., Boston, Mass., of counsel.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Plaintiff brought this action against defendants for infringement of his patent, a device for shoes designed to aid traction for quick turns or cuts during outdoor athletic activity.

On February 4, 1986, I entered a Memorandum Opinion granting defendants' motion for summary judgment. I held that there was no literal infringement and that the doctrine of file wrapper estoppel prevented a finding of infringement based on the doctrine of equivalents. *Badalamenti v. Dunham's, Inc.*, No. 85–71040, mem. op. at 3–6 (E.D.Mich. Feb. 4, 1986) [available on WESTLAW, 1986 WL 8785].

The United States Court of Appeals for the Federal Circuit reversed, based on my application of file wrapper estoppel, and remanded for determination of "fact questions which must be resolved in order to construe the claims and to determine whether prosecution history estoppel is applicable." *Badalamenti v. Dunham's, Inc.*, Nos. 86–1024 and 86–1064, slip op. at 5–6 (Fed.Cir. Dec. 18, 1986) [809 F.2d 789 (table)].

In conducting discovery after remand, defendants discovered that plaintiff had negotiated with Nike (a manufacturer of athletic shoes) regarding possible prior art by Nike. Plaintiff disclosed documents relating to the "Nike talks" in May, 1987—after defendants learned of the talks from Nike officials. Defendants claim that plaintiff should have produced the documents in response to a request for production of documents filed two years earlier. Defendants filed a Rule 37 motion for dismissal with prejudice and for attorney fees and costs.

After an evidentiary hearing, I granted defendants' motion as to costs and attorney fees but denied it as to dismissal. Before me now is defendants' Petition for an Award of Attorney Fees and Costs of $154,527.23.

From March through August, 1985, plaintiff's current counsel communicated with Nike. Initially, plaintiff's counsel charged that some of Nike's shoes infringed plaintiff's patent and offered to license Nike. Nike responded that its shoes had been on the market more than a year before plaintiff obtained his patent and that such shoes (as well as other prior art) invalidated plaintiff's patent. After receiving Nike's response, plaintiff's counsel terminated discussions with Nike.

On April 15, 1985, defendants noticed plaintiff's deposition for May 10, 1985. In the body of the notice is a request "to produce for inspection and copying, immediately prior to said deposition, ... the documents and things identified in Schedule A hereto." Within Schedule A are the following two relevant requests:

Request #10: All communications between plaintiff and other persons, and all other documents and things, relating to infringement, charges of infringement made by plaintiff, and replies to charges of infringement by said other persons, with regard to U.S. Patent 4,335,529.

. . . . .

Request #17: All communications between plaintiff and other persons, and all other documents and things, relating to any offer to license U.S. Patent 4,335,-529.

On May 21, 1985, plaintiff filed a response in which he promised to search for and produce "all relevant, non-privileged documents." However, plaintiff did not disclose that he had had discussions with Nike, nor did he produce the documents bearing on the Nike talks, until May 15, 1987. Plaintiff never moved for a protective order regarding the Nike documents.

Plaintiff's counsel argues that he had no obligation to file for a protective order and that he complied fully with the Federal Rules of Civil Procedure regarding discovery.

■ I find that a party's failure to disclose or produce material sought in a proper discovery request, without seeking a protective order, violates the Federal Rules of Civil Procedure.

■ Defendants bring their motion under Fed.R.Civ.P. 37(b). That rule is inapplicable here because it engages only where a party "fails to obey an order to provide or permit discovery...." Here, there was no court order compelling plaintiff to answer Requests 10 and 17. I have inherent authority, and responsibility, however, to impose sanctions whenever necessary to enforce adherence to the Federal Rules of Civil Procedure. *Cf. Herbert v. Lando*, 441 U.S. 153, 157, 99 S.Ct. 1635, 1639, 60 L.Ed. 2d 115 (1979); *United States v. American Telephone & Telegraph Co.*, 86 F.R.D. 603, 656 (D.D.C.1980).

The applicable Federal Rules of Civil Procedure are Rules 34(b) and 37(d). Rule 34(b) states:

> The response [to a request for production of documents] shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

■ Plaintiff relies on language in Rule 34(b) that allows "the party submitting the request" to move the court, pursuant to Rule 37(a), for an order compelling discovery "with respect to any objection to or other failure to respond to the request...." Plaintiff argues this language places on the party seeking discovery the burden of obtaining a court order to secure documents arguably within its discovery request.

Plaintiff forgets that he failed to object to defendants' discovery request. Defendants never inherited the burden of obtaining a court order to compel discovery because plaintiff did not properly notify defendants that any documents sought were being withheld.

Rule 37(d) provides for the imposition of "such orders ... as are just" to punish "a party [who] fails ... to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request...." Alternatively, or in addition, "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure...." Fed.R.Civ.P. 37(d).

■ Plaintiff's claim that he served "a written response" to defendants' request pursuant to Rule 37(d) is semantic. While there are some cases holding that Rule 37(d) applies only to "total failure to respond," *e.g., Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 995 (8th Cir.1975), the majority view is that Rule 37(d) sanctions should be imposed on a party whose evasive or incomplete answers to proper interrogatories impede discovery. *Bell v. Automobile Club of Michigan*, 80 F.R.D. 228, 232 (1978) (Joiner, J.), *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir.1976).

■ Plaintiff argues he was not obligated to disclose the Nike discussions because they are privileged. Plaintiff cannot now be heard to assert privilege when he failed to do so in response to the original request for production. The plain language of the last paragraph of Rule 37(d), added by the 1970 amendment, commands this conclusion:

> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable

unless the party failing to act has applied for a protective order....

A contrary rule would frustrate the purposes of discovery. A party could effectively avoid discovery by furnishing all "non-privileged" material while withholding, and failing to disclose the existence of, material which he subjectively deems "privileged."

■ Here, plaintiff's and plaintiff's counsel's behavior was inexcusable: they must have realized that the Nike documents fit clearly within the category of material described in defendants' request; they failed to produce, or even disclose the existence of, the Nike documents; and they made no objection, timely assertion of privilege, or motion for a protective order. Such behavior is intolerable because it defies the Federal Rules of Civil Procedure and threatens the effectiveness of our discovery rules.

Defendants argue that had plaintiff disclosed and produced the Nike documents in 1985, the whole course of this litigation would have changed. Defendants suggest they would have deposed the Nike officials and made a meritorious motion for summary judgment, or that the United States Court of Appeals for the Federal Circuit would have had all the necessary facts before it to dispose of the matter without remanding it here. They move for all costs and attorney fees incurred between May 20, 1985 and May 15, 1987.

For the foregoing reasons I am of the opinion that costs and attorney fee sanctions against plaintiff and plaintiff's counsel, pursuant to Rule 37(d), should be imposed.

Defendants' effort to secure all costs and attorney fees incurred following plaintiff's failure to disclose the Nike talks is premature. For defendants to recover the entire award they seek, a jury must first determine that the Nike art was prior to plaintiff's patent and that it invalidated plaintiff's patent.[1] Without such a jury finding, defendants cannot prove that disclosure and/or production would have changed the course of this litigation.

Accordingly, Defendants' Petition for an Award of Attorney Fees and Costs is TAKEN UNDER ADVISEMENT until after the jury verdict in this cause.

---

1. I will pose a special jury question to this effect.