Michael J. BADALAMENTI,
Plaintiff-Appellant,
v.

DUNHAM'S, INC., Kinney Shoe Corporation, and Hyde Athletic Industries, Inc., Defendants/Cross-Appellants.

89–1460, 89–1528.

United States Court of Appeals,
Federal Circuit.

Feb. 23, 1990.

Rehearing Denied April 20, 1990.
Suggestion for Rehearing In Banc
Declined May 2, 1990.

Ernie L. Brooks, Brooks & Kushman, Southfield, Mich., for plaintiff-appellant. With him on the brief was Earl J. LaFontaine, of counsel.

David Wolf, Wolf, Greenfield & Sacks, P.C., Boston, Mass., for defendants/cross-appellants. With him on the brief was John L. Welch.

Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and RE, Chief Judge.[*]

BENNETT, Senior Circuit Judge.

## DECISION

These consolidated appeals are from the May 8, 1989 order of the District Court for the Eastern District of Michigan, Southern Division, awarding the defendants (collectively "Hyde") $100,000 as sanctions against the plaintiff (Badalamenti) and his attorney, Ernie L. Brooks (Brooks), for a discovery violation. In the same order, the district court also denied Hyde's motion for attorney fees pursuant to the exceptional case statute, 35 U.S.C. § 285 (1982). Badalamenti has appealed the award of sanctions, and Hyde has appealed the denial of its motion for attorney fees. We reverse the award of sanctions, vacate the denial of the motion for attorney fees, and remand.

## BACKGROUND

### A. *The Procedural History*

Badalamenti sued Hyde for infringement of Badalamenti's U.S. Patent No. 4,335,529, for a traction device for shoes. The district court granted summary judgment for the defendants in February 1986, holding that there was no literal infringement and that the doctrine of prosecution history estoppel prevented a finding of infringement under the doctrine of equivalents. *Badalamenti v. Dunham's, Inc.*, 230 USPQ 74, 1986 WL 8785 (E.D.Mich.1986). This court vacated and remanded in an unpublished opinion. *Badalamenti v. Dunham's, Inc.*, 809 F.2d 789 (Fed.Cir.1986) (Table).

In conducting discovery after the remand, Hyde determined that Badalamenti had withheld certain documents during previous discovery. Hyde moved under Fed. R.Civ.P. 37(d) for sanctions, including dismissal with prejudice and attorney fees and costs. In a Memorandum Opinion of December 17, 1987, the district court held that a discovery violation had occurred and that sanctions should be imposed. *Badalamenti v. Dunham's, Inc.*, 118 F.R.D. 437, 6 USPQ2d 1633 (E.D.Mich.1987). The court denied the motion to dismiss and took the amount of monetary sanctions under consideration.

Subsequently, a jury trial on the merits took place. Hyde moved for a directed verdict on the issue of patent validity. The district court granted the motion, holding that the patent was invalid for obviousness under 35 U.S.C. § 103. *Badalamenti v. Dunham's, Inc.*, 680 F.Supp. 256, 6 USPQ2d 1626 (E.D.Mich.1988). The court relied in part on certain prior art documents included in the material Badalamenti had withheld from earlier discovery. This court affirmed the obviousness determination in an opinion designated as unpublished. *Badalamenti v. Dunham's,*

* Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designa-tion.

*Inc.,* 862 F.2d 322, 12 USPQ2d 1222 (Fed. Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1955, 104 L.Ed.2d 425 (1989).

On May 8, 1989, the district court entered the appealed order, sanctioning Badalamenti and Brooks jointly and severally in the amount of $100,000. *Badalamenti v. Dunham's, Inc.,* 125 F.R.D. 445, 12 USPQ2d 1223 (E.D.Mich.1989).

## B. *The Alleged Discovery Violation*

Soon after the lawsuit was filed, Hyde served a notice of deposition, which included a request under Fed.R.Civ.P. 30(b)(5) for the production of documents in a number of categories. Among the categories were documents directed to communications between Badalamenti and third parties relating to infringement charges by the plaintiff, replies to such charges, and offers to license the '529 patent. Badalamenti timely filed a response to the document requests. His response included a general objection, in which he objected to the production of documents containing confidential information. The objection further stated that Badalamenti would only produce confidential information pursuant to a protective order limiting the disclosure of such information to that necessary to Hyde in its defense of the action. Badalamenti's response to the document requests went on to state that responsive documents would be produced, subject to the general objections. He subsequently produced documents responsive to the requests, withholding certain documents he deemed confidential.

At the time the documents were produced, Badalamenti had twice written Nike, Inc., accusing it of infringing the '529 patent and offering a nonexclusive patent license. Nike later wrote back calling attention to three prior art documents that Nike asserted invalidated the Badalamenti patent. Badalamenti then terminated discussions with Nike. The district court found that the Nike-related documents clearly fell within the categories of documents requested by Hyde.

Badalamenti did not produce the Nike documents when they were requested. In addition, at the deposition, Brooks instructed Badalamenti not to answer questions relating to "current contacts" with third parties in the absence of a protective order.

Later, Hyde independently discovered from Nike the existence of the correspondence between Badalamenti and Nike. Badalamenti then produced the documents, some two years after they were requested. In support of the motion for sanctions under Fed.R.Civ.P. 37(d), Hyde argued that if Badalamenti had produced the documents when requested, Hyde would have learned of the Nike prior art much earlier and would have moved for summary judgment of invalidity when it moved for summary judgment of noninfringement. According to Hyde, the district court would have held the patent invalid, as it later did, and Hyde would have avoided the expenses of a trial on the merits.

The district court granted Hyde's motion. 118 F.R.D. 437, 6 USPQ2d 1633. The court found that Badalamenti's failure to produce the requested documents without seeking a protective order violated the Federal Rules of Civil Procedure. The court stated that Hyde did not have the burden of seeking to compel the production of the documents because Badalamenti had failed to object to the discovery request. According to the court, Badalamenti did not notify Hyde that any documents sought were being withheld. The court characterized the plaintiff's argument that he had served a written response as "semantic." The court stated that while some cases hold that Rule 37(d) applies only where there is a "total failure to respond," the majority view is that 37(d) sanctions should be imposed on a party whose evasive and incomplete responses impede discovery. The district court subsequently found that a $100,000 sanction reflected a just portion of the defendants' reasonable expenses caused by Badalamenti's discovery violation. 125 F.R.D. at 448, 12 USPQ2d at 1226.

## OPINION

### I.

A district court has broad discretion in issuing sanctions for violations of the dis-

covery rules. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). The decision is reviewable only to determine whether the court abused its discretion. *Western Elec. Co. v. Piezo Technology, Inc.*, 860 F.2d 428, 430, 8 USPQ2d 1853, 1855 (Fed.Cir.1988). An abuse of discretion may be found when (1) the court's decision is clearly unreasonable, arbitrary or fanciful; (2) the decision is based on an erroneous conclusion of the law; (3) the district court's findings are clearly erroneous; or (4) the record contains no evidence upon which the district court rationally could have based its decision. *Id.*

■ This case presents a procedural issue not unique to patent law. Therefore, the law of the regional circuit out of which the case is brought controls, which in this case is the Sixth Circuit. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75, 223 USPQ 465, 471 (Fed.Cir.1984). When the regional circuit court has spoken on a legal issue, we must apply the law as stated; if the regional circuit court has not spoken, we must predict how that court would decide the issue in light of such criteria as the decisions of that circuit's district courts, other circuits' decisions, and public policy. *Id.* at 1575, 223 USPQ at 472.

A party served with a document request under Rule 30(b)(5) or Rule 34 is required to respond. "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated." Fed.R.Civ.P. 34(b).

■ Rule 37 authorizes a court to award sanctions for discovery abuses. Rule 37(b) provides for sanctions where a party fails to comply with a discovery order. The district court in this case acknowledged that sanctions under this subdivision were unavailable because there was no discovery order that was violated. 118 F.R.D. at 439, 6 USPQ2d at 1634. Sanctions are also available under Rule 37(d) if a party fails to

respond to discovery. The conduct addressed by Rule 37(d) pertinent to this case is the failure of a party *"to serve a written response* to a request for inspection submitted under Rule 34, after proper service of the request." Fed.R.Civ.P. 37(d) (emphasis added). Rule 37(d) further provides, "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

■ The plain terms of the rules of civil procedure show that a party served with a document request has four options:

(1) respond to the document request by agreeing to produce documents as requested (Fed.R.Civ.P. 34(b));

(2) respond to the document request by objecting (Fed.R.Civ.P. 34(b));

(3) move for a protective order (Fed.R. Civ.P. 26(c) and 37(d)); or

(4) ignore the request.

If the party chooses the last option, he is subject to sanctions under Rule 37(d). However, if the party responds to the document request, even if he responds by objecting, Rule 37(d) sanctions are not available.

■ In this case, it cannot be disputed that Badalamenti served a response to Hyde's document requests in which he (1) objected to producing confidential information in the absence of a protective order and (2) agreed to produce the requested documents subject to the objection. Badalamenti served a response as required by Rule 34. Thus, Rule 37(d) does not authorize an award of sanctions in this case.

■ The district court erred as a matter of law in holding that Badalamenti violated the Federal Rules of Civil Procedure by failing to disclose or produce the documents without seeking a protective order. *See* 118 F.R.D. at 439, 6 USPQ2d at 1634; *see also* 125 F.R.D. at 446, 12 USPQ2d at 1224. In that ruling, the district court exceeded its discretion. The provision of Rule 37(d) relating to the failure to seek a protective order is applicable only where a

party fails to act as described in the subdivision; that is, where the party fails to serve a response.

The district court justified its award of sanctions by relying on "the majority view" of Rule 37(d) that sanctions may be imposed where evasive or incomplete responses impede discovery. 118 F.R.D. at 439, 6 USPQ2d at 1635. Several courts hold that Rule 37(d) does not authorize an award of sanctions unless there is a total failure to respond to the discovery requests. *See Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 995 (8th Cir.1975); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1339–40 (9th Cir.1985); *Southard v. Pennsylvania R.R.*, 24 F.R.D. 456 (E.D.Pa. 1959). Other courts award sanctions under Rule 37(d) where the evasive or misleading response is tantamount to no response at all. *See Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976); *Bell v. Automobile Club of Michigan*, 80 F.R.D. 228, 232 (E.D.Mich.1978), *appeal dismissed*, 601 F.2d 587 (6th Cir.), *cert. denied*, 442 U.S. 918, 99 S.Ct. 2839, 61 L.Ed.2d 285 (1979); *Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141 (N.D.Ill.1982). *See also Minnesota Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1260, 225 USPQ 350, 352–53 (Fed.Cir.1985) (rejecting the argument that interrogatory answers stating "unable to respond" was a response by which the party could avoid the sanction provisions of Rule 37(d)).

The Sixth Circuit has not spoken on this issue. The leading case out of the Sixth Circuit is *Bell*, 80 F.R.D. 228 (E.D.Mich. 1978). In *Bell*, the plaintiff served an interrogatory requesting identification of documents concerning racial data on the defendants' work force. The defendants represented that the only source of race information would be to telephone or visit employees listed on thousands of cardex cards. In fact, the defendants had compiled a "book of blacks" which contained the information sought by the plaintiffs. The court found that the defendants' responses were clear misrepresentations. *Id.* at 231. The court held that it had authority to sanction the plaintiffs under Rule 37(d) because the interrogatory answers

the defendants gave were so misleading and evasive as to constitute a failure to answer. *Id.* at 232.

In this case, we need not decide whether the Sixth Circuit would adopt the broad construction of Rule 37(d). Even if the rule set forth in *Bell* is the law in the Sixth Circuit, it does not apply in this case. Badalamenti's response was not so evasive and misleading as to constitute a failure to respond. Badalamenti informed Hyde he was objecting to producing confidential documents except under a protective order. He also informed Hyde he would produce documents subject to the objection. Unlike *Bell*, there has been no clear misrepresentation that requested documents did not exist. Also, in all of the cases adopting the broad construction of Rule 37(d), the sanctioned party withheld information from discovery with no justification. In this case, Badalamenti objected on the basis of confidentiality.

Hyde argues on appeal that Badalamenti's response was misleading as to the very existence of the documents and that Hyde had no reason to move to compel production because it had no reason to know that Badalamenti was withholding information. However, Hyde knew that Badalamenti objected to producing confidential information. In addition, Hyde knew that Badalamenti was instructed not to answer deposition questions concerning "current contacts" but that he was willing to enter into a stipulated protective order. If Hyde wanted clarification of the objection or production of documents, it could have moved to compel under Rule 37(a) or stipulated to the protective order suggested by Badalamenti. Once Badalamenti complied with Rule 34 and made his initial response, the burden shifted to Hyde to move to compel if it deemed the responses inadequate. *See* 4A J. Moore & J. Lucas *Moore's Federal Practice* ¶ 37.05 at 37–119 to 37–121 (1989).

Hyde also argues on appeal that Badalamenti improperly characterized his Nike contacts as confidential. In support of this argument, Hyde refers to a letter agreement that Nike apparently requires all of its solicitors to sign, which provides that

disclosure of any idea to Nike is not made in confidence or on the basis of a confidential relationship. Hyde also cites correspondence between Badalamenti and New Balance in which Badalamenti stated that he was "speaking with Nike." The district court did not consider the merits of Badalamenti's confidentiality objection when it sanctioned him. *See Fjelstad*, 762 F.2d at 1339–40. Indeed, the district court inexplicably stated that Badalamenti "failed to object to defendants' discovery request." 118 F.R.D. at 439, 6 USPQ2d at 1635. In any event the evidence Hyde cites does not demonstrate that the communications between Badalamenti and other shoe companies were not confidential to other parties (such as Hyde), even if there was no "confidential relationship" that could give rise to liability if a company appropriated Badalamenti's ideas.

Finally, Hyde argues that the district court has the inherent authority to sanction Badalamenti for discovery violations, even if there is no authority under Rule 37(d). However, as discussed above, Badalamenti's response complied with the discovery rules. In addition, he did not clearly misrepresent the existence of the documents withheld. In this case, where there has been no discovery violation or abuse, the district court went beyond its inherent authority in sanctioning Badalamenti for his conduct. *See Fjelstad*, 762 F.2d at 1338.

The district court abused its discretion in ruling that Badalamenti had violated the discovery rules. As a matter of law, Badalamenti's response to the document requests complied with the rules, and the district court had no authority to sanction Badalamenti or his attorney, Brooks. Therefore, we reverse the award of sanctions.

## II.

Hyde's cross-appeal is from the district court's denial of its motion for attorney fees under 35 U.S.C. § 285. Section 285 provides that the court may award reasonable attorney fees to the prevailing party in exceptional cases. Hyde has argued that Badalamenti's misconduct throughout the proceeding demonstrated that the case was exceptional and that an award of attorney fees was warranted. Badalamenti in turn argued that it committed no misconduct and that the district court did not err in finding that the case was not exceptional and in not awarding attorney fees.

The district court did not make any findings on the exceptional case issue and did not explain the basis for its denial of Hyde's request for attorney fees. Therefore, we are unable to review the decision of the district court on this issue. We vacate that portion of the judgment denying an award of attorney fees and remand for findings on the exceptional case issue as well as subsidiary findings reflecting the court's reasons underlying its exercise of discretion in awarding or denying attorney fees in light of its findings. A remand in this case is unfortunate; however, neither party apparently gave the district court the opportunity to expand or clarify its decision respecting attorney fees. *See Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1572, 7 USPQ2d 1606, 1610 (Fed. Cir.1988). The finding of "exceptional case" is one of fact, and must be made in the first instance by the district court. *Id.* at 1573, 7 USPQ2d at 1611. *See also S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986).

Our decision should in no way be construed as suggesting that the case should be found exceptional. The purpose of section 285 "is to provide discretion where it would be *grossly unjust* that the winner be left to bear the burden of his own counsel which prevailing litigants normally bear." *J.P. Stevens Co. v. Lex Tex Ltd.*, 822 F.2d 1047, 1052, 3 USPQ2d 1235, 1239 (Fed.Cir.1987) (emphasis in original). Hyde has the burden of proving by clear and convincing evidence that this is an exceptional case. *Reactive Metals & Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1582, 226 USPQ 821, 824 (Fed.Cir.1985). As we have repeated "[t]here must be some finding of unfairness, bad faith, or inequitable conduct on the part of the unsuccessful patentee." *Stevenson v. Sears, Roebuck &*

*Co.*, 713 F.2d 705, 713, 218 USPQ 969, 976 (Fed.Cir.1983); *Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1085, 5 USPQ2d 1600, 1603 (Fed.Cir.1988). The primary basis for Hyde's request for attorney fees was the alleged discovery abuse. As we have held above, there was no discovery violation, and so this aspect of the exceptional case issue is no longer in question.

In addition, even if the case is found to be exceptional, the district court in its discretion may decline to award attorney fees. As we stated in *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1215, 2 USPQ2d 2015, 2020 (Fed.Cir.1987), "[a]fter the district court determines that a case is exceptional, there remains in every case its freedom to exercise its discretion 'informed by the court's familiarity with the matter in litigation and the interest of justice.' " (Quoting *S.C. Johnson*, 781 F.2d at 201, 228 USPQ at 369.) *See also Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 13 USPQ2d 1301 (Fed.Cir. 1989).

### COSTS

Hyde shall bear the costs of both appeals.

REVERSED–IN–PART, VACATED–IN–PART, AND REMANDED.