**STRYKER CORPORATION, Plaintiff,**

v.

**DAVOL, INC., Defendant.**

No. 4:96–CV–191.

United States District Court,
W.D. Michigan,
Southern Division.

July 29, 1999.

Charles E. Ritter Miller, Canfield, Paddock & Stone, Kalamazoo, MI, for plaintiff.

Thomas F. Blackwell, Smith, Haughey, Rice & Roegge, PC, Grand Rapids, MI, Peter C. McCabe, Winston & Strawn, Chicago, IL, for defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTIONS FOR AWARD OF ENHANCED DAMAGES, ATTORNEY FEES AND COSTS

McKEAGUE, District Judge.

The jury having returned a verdict in this patent infringement action favorable to plaintiff Stryker Corporation, finding defendant Davol, Inc., willfully infringed several claims of the '402 patent, and judgment having entered in accordance with the verdict, Stryker now moves for award of enhanced damages and attorney fees pursuant to 35 U.S.C. §§ 284 and 285. Stryker asks the Court to treble the $1,510,647 in compensatory damages already awarded and seeks attorney fees in the amount of $1,587,462.11. Stryker also seeks, as prevailing party under Fed. R.Civ.P. 54(d)(1), to recover its costs in the amount of $129,640.35.

**I**

■ Under 35 U.S.C. § 284, the Court is required to award damages adequate to compensate for any infringement and is authorized in its discretion to treble the compensatory damages. The jury having found Davol guilty of willful infringement, it is for the Court to determine whether, and to what extent, to increase the damages award, considering the totality of the circumstances. *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed.Cir.1996). The finding of willful infringement does not mandate an award of enhanced damages, but authorizes it. *Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342, 1365 (Fed.

Cir.1998). In exercising its discretion, the Court must consider the evidence of Davol's culpability in light of the factors set forth in *Read v. Portec, Inc.*, 970 F.2d 816, 827 (Fed.Cir.1992), summarized as follows:

> (1) Whether the infringer deliberately copied the ideas or design of another, (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed, (3) the infringer's behavior as a party to the litigation, (4) the infringer's size and financial condition, (5) the closeness of the case, (6) the duration of the infringer's misconduct, (7) any remedial action by the infringer, (8) the infringer's motivation for harm, and (9) whether the infringer attempted to conceal its misconduct.

*Johns Hopkins*, 152 F.3d at 1352, n. 16. The Court has discretion to identify and balance the most relevant factors so as to effectuate the punitive and deterrent purposes of enhanced damages and fashion a just remedy. *SRI Int'l, Inc. v. Advanced Technology Laboratories, Inc.*, 127 F.3d 1462, 1468–69 (Fed.Cir.1997).

In support of its motion for enhanced damages, Stryker focuses primarily on two of the *Read* factors, Davol's deliberate copying and Davol's litigation behavior. First, Stryker contends the evidence at trial plainly showed Davol deliberately copied Stryker's commercial embodiment of the claimed invention, the StrykeFlow, in developing its competing device, the Hydro–Surg. This evidence appears to have been a linchpin of the jury's willfulness finding, a finding which the Court has upheld as supported by substantial evidence. Memorandum Opinion and Order Denying Motion for Judgment as a Matter of Law, dated May 26, 1999. Davol maintains the copying was lawful because it predated issuance of the '402 patent and contends that after learning of the '402 patent, it acted in good faith to design around the patent based upon advice of counsel.

Davol's undisputed pre-patent copying is probative of willfulness, but should not be given undue weight. See *Conopco, Inc. v. May Dept. Stores Co.*, 46 F.3d 1556, 1562 (Fed.Cir.1994); *Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1581 (Fed.Cir.1992). This caution is especially appropriate where, as here, the line between "copying" and "designing around" based on advice of counsel is not bright and clear. See *Read*, 970 F.2d at 828 (noting difficulty of determining when a patented device has been "designed around" enough to avoid infringement).

Moreover, Davol's ongoing consultation with patent lawyers is probative of its good faith. *Braun Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 822 (Fed.Cir.1992). The probative value is dependent, however, upon the reasonableness of Davol's reliance on counsel's advice. See *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 793 (Fed. Cir.1995) (reasonableness of reliance is critical factor in evaluating effect of advice of counsel). "Counsel's opinion must be thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed or unenforceable." *Id.*, quoting *Ryco, Inc. v. Ag–Bag Corp.*, 857 F.2d 1418, 1428 (Fed.Cir. 1988). The opinions of Arthur Bookstein and Peter Schechter, although ultimately proven by the jury's verdict to have been incorrect, appear to be competent, thorough and facially credible. Further, Davol's modifications of its Hydro–Surg and Hydro–Surg Plus devices conform generally to counsel's recommendations.

In making its willfulness finding, the jury nonetheless could reasonably have concluded, as argued by Stryker, that Davol did not reasonably rely on counsel's opinions, but used them to justify a course of conduct already undertaken in deliberate disregard of Stryker's rights, and obtained them in anticipation of litigation. See *Therma–Tru Corp. v. Peachtree Doors, Inc.*, 44 F.3d 988, 997 (Fed.Cir.

1995). The Court has therefore upheld the jury's willfulness determination as supported by substantial evidence, a finding that authorizes an award of enhanced damages. Yet, considering the apparent credibility of counsel's opinions and the closeness of the infringement questions presented, which hinged in large measure upon resolution of claim construction disputes, the Court does not find Davol's "copying" to have been so commercially unreasonable or egregious as to weigh heavily in favor of a large enhancement of damages.

The second *Read* factor relied on by Stryker is Davol's "bad faith" or even "vexatious" conduct in litigation. Stryker contends Davol asserted baseless counterclaims, maintained unreasonable noninfringement positions, refused to make reasonable admissions, asserted baseless objections to Stryker's proofs, repeatedly altered its defenses, misused its expert witnesses, and employed various tactics attempting to mislead the jury. The Court has carefully considered each of these items and remains unpersuaded that Davol engaged in egregious litigation misconduct. Some of Davol's litigation tactics may, with hindsight, be legitimately characterized as suspect or at least questionable. It is also undeniable that Davol's litigation conduct needlessly prolonged proceedings at times. In the main, however, Davol's conduct remained within the parameters of a vigorous but legitimate defense.

Litigation misconduct is not sufficient in itself to justify increased damages, but may be used as a factor in determining whether or how much to increase damages if the *infringing* conduct is deemed to have been sufficiently culpable or egregious to warrant enhancement. *Jurgens,* 80 F.3d at 1571. Here, as indicated above, Davol's infringing conduct, up to the date of the jury's verdict, was shown to be willful and blameworthy, but not so egregious as to warrant a large enhancement of damages. Davol's litigation behavior,

too, though not faultless, does not warrant a large enhancement of damages.

Accordingly, having duly considered the most relevant of the *Read* factors in light of the need for punishment and deterrence, and in light of the Court's duty to fashion a just remedy under all the circumstances, the Court concludes a moderate enhancement of damages is appropriate. Stryker's damages shall be increased by 50 percent, or $755,323.50, which amount shall be awarded to Stryker in addition to the compensatory damages already awarded. Stryker's motion for award of enhanced damages will, to this limited extent, be granted.

## II

Stryker also moves for an award of attorney fees under 35 U.S.C. § 285. Section 285 provides succinctly: "The Court in exceptional cases may award reasonable attorney fees to the prevailing party." Whether to award fees is a two-pronged inquiry, requiring "first, a factual finding that the case is 'exceptional' and second, a discretionary decision to award fees." *Motorola, Inc. v. Interdigital Technology Corp.,* 121 F.3d 1461, 1468 (Fed.Cir.1997). "Among the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit." *Beckman Instruments, Inc. v. LKB Produkter AB,* 892 F.2d 1547, 1551 (Fed.Cir.1989). See also *Badalamenti v. Dunham's, Inc.,* 896 F.2d 1359, 1364 (Fed.Cir.1990), *cert. denied,* 498 U.S. 851, 111 S.Ct. 142, 112 L.Ed.2d 109 (1990) ("there must be some finding of unfairness, bad faith, or inequitable conduct"). The exceptional case finding must be supported by clear and convincing evidence. *Id.* A finding of willful infringement does not require a finding that a case is exceptional. *Cybor Corp. v. FAS Technologies, Inc.,* 138 F.3d 1448, 1461 (Fed. Cir.1998).

"The purpose of § 285 when applied to accused infringers is generally said to be twofold: one, it discourages infringement by penalizing the infringer; and two, it prevents 'gross injustice' when the accused infringer has litigated in bad faith." *Beckman*, 892 F.2d at 1552. If the case is found to be exceptional, the Court has discretion to award fees "where it would be grossly unjust that the winner be left to bear the burden of his own counsel which prevailing litigants normally bear." *Badalamenti*, 896 F.2d at 1364, quoting *J.P. Stevens Co. v. Lex Tex Ltd.*, 822 F.2d 1047, 1052 (Fed.Cir.1987) (emphasis in original).

■ Applying these standards, the Court concludes, for the reasons discussed above, i.e., the jury's determination of willful infringement viewed in conjunction with evidence of litigation misconduct, that this is an exceptional case. Nonetheless, in the exercise of its discretion, the Court finds that an award of attorney fees is not warranted.

An award of attorney fees, in addition to the enhanced compensatory damages and injunctive relief already awarded, is not necessary to penalize Davol for its infringing conduct up to the time of the jury's verdict. Neither does the Court find it "grossly unjust," under all the circumstances, to allow Stryker to bear the burden of its own attorney fees. See *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 866–67 (Fed.Cir.1997) (upholding denial of substantial enhanced damages and attorney fees despite willfulness finding); and *Brooktree Corp. v, Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1581–82 (Fed. Cir.1992) (same).

Accordingly, Stryker's motion for award of attorney fees will be denied.

### III

■ Finally, Stryker asks the Court to award it costs as prevailing party under Fed.R.Civ.P. 54(d)(1). Stryker has submitted a revised bill of costs, claiming $129,640.35 in costs incurred in the prosecution of this action until January 1999. Davol has objected, challenging some of the claimed costs as unreasonable or unnecessary.

■ Under Rule 54(d)(1), "costs shall be allowed as of course to the prevailing party unless the the court otherwise directs." This rule "creates a presumption in favor of awarding costs." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986). It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome this presumption. *Id.*

The Court has duly considered Davol's objections and is satisfied that Stryker has adequately substantiated the claimed costs. Davol has not overcome the presumption. Its objections are overruled. Stryker is entitled to and shall be awarded costs in the amount of $129,640.35.

### IV

An order consistent with this opinion shall issue forthwith.

### ORDER AWARDING ENHANCED DAMAGES DENYING ATTORNEY FEES AND AWARDING COSTS

In accordance with the Court's memorandum opinion of even date, on plaintiff's motions for award of enhanced damages and attorney fees and costs,

**IT IS HEREBY ORDERED** that the motion of plaintiff Stryker Corporation for award of enhanced damages under 35 U.S.C. § 284 is **GRANTED;** and

**IT IS FURTHER ORDERED** that Stryker is hereby **AWARDED** enhanced damages in the amount of $755,323.50, in addition to the $1,510,647 in compensatory damages awarded in the judgment order dated December 2, 1998; and

**IT IS FURTHER ORDERED** that Stryker's motion for award of attorney fees under 35 U.S.C. § 285 is **DENIED;** and

IT IS FURTHER ORDERED that Stryker is hereby **AWARDED** $129,640.35 in costs pursuant to Fed.R.Civ.P. 54(d)(1).