**ARDISAM, INC., d/b/a Yukon Tracks and Spring Form, Inc., Plaintiffs,**

v.

**AMERISTEP, INC., Hunter's View, Ltd. and Eastman Outdoors, Defendants.**

No. 03–C–553–C.

United States District Court, W.D. Wisconsin.

Oct. 21, 2004.

Jon G. Furlow, Milwaukee, WI, John B. Lunseth, II, Minneapolis, MN, Terence J. Clark, for Plaintiffs.

William F. Bauer, Coyne, Niess, Schultz, Becker & Bauer, Madison, WI, Paul W. Schwarzenbart, Lee, Kilkelly, Paulson & Younger, Eugenia G. Carter, La Follette, Godfrey & Kahn, S.C., Madison, WI, Marshall G. MacFarlane, Young & Basile, P.C., Ann Arbor, MI, Anthony J. Kane, Terhaar, Archibald, Pfefferle & Griebel, LLP, Minneapolis, MN, Angelo J. Bufalino, Vedder, Price, Kaufman & Kammholz, Chicago, IL, Kristin L. Murphy, Rader, Fishman & Grauer, Bloomfield Hills, MI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

In this civil action, plaintiffs Ardisam, Inc. and Spring Form, Inc. contended that defendants Ameristep, Inc., Hunter's View, Ltd. and Eastman Outdoors infringed plaintiffs' U.S. Patent No. 5,038,812 (the '812 patent) by making, using, selling and offering for sale hunting blinds that utilize and embody the patented invention, which is a "quickly erectable, quickly collapsible, self supporting portable structure." In an August 2, 2004, opinion and order I granted defendants' motion for summary judgment, finding that defendants' products did not infringe the '812 patent.

Now before the court is defendant Eastman Outdoors' motion for attorney fees, expenses and costs, pursuant to 35 U.S.C. § 285, Fed.R.Civ.P. 11 and Fed. R.Civ.P. 54(d), and defendant Hunter's View's motion for attorney fees and expenses pursuant to 35 U.S.C. § 285. Under 35 U.S.C. § 285, a court may award reasonable attorney fees to the prevailing party in "exceptional cases." Merely prevailing is not enough to show that a case is exceptional; there must be evidence of bad faith, fraud, gross negligence or unclean hands on the part of the losing party. To put it another way, a court may find a case exceptional if the conduct of the losing party would make it grossly unjust for the prevailing party to be left with the burden of litigation expenses. *Badalamenti v. Dunham's, Inc.,* 896 F.2d 1359, 1364 (Fed. Cir.1990).

Defendant Eastman Outdoors filed its motion for attorney fees and costs on September 1, 2003 and defendant Hunter's view filed its motion on September 3, 2003. Plaintiffs filed a brief in opposition to defendants' request for attorney fees on Sep-

tember 27, 2004, stating, among other things, that defendants' motion for attorney fees was untimely under Fed.R.Civ.P. 54(d)(2)(B), which requires parties to file such motions within 14 days after entry of judgment. Assuming judgment was entered in this case on August 2, 2004, defendants had until August 16, 2004, to file a motion for attorney fees.

On October 7, 2003, defendants Eastman Outdoors and Hunter's View filed a joint motion under Fed.R.Civ.P. 6(b)(2) to extend the time to file their motions for attorney fees. Rule 6(b)(2) gives a court discretion, upon motion, to enlarge the time for filing motions "after the expiration of the specified period" "where the failure to act was the result of excusable neglect." On October 8, 2004, I granted defendants' joint motion for an extension of time. On October 14, 2004, plaintiffs submitted a letter objecting to the court's decision to grant defendants' motion for an extension of time. According to the letter, plaintiffs did not receive defendants' motion for an extension of time until after the court ruled on it. In addition, plaintiffs point out that defendants did not file their motion to extend the time allowed for filing motions for attorney fees until *after* plaintiffs raised the argument that defendants' motion for fees was untimely. Defendants did not respond to plaintiffs' timeliness argument in their reply briefs to their motions for attorney fees but instead addressed the argument in their motion to extend the time allowed for filing motions for attorney fees.

Because I granted defendants' motion for an extension of time before considering plaintiffs' argument about timeliness, I will construe plaintiffs' October 14, 2004 letter as a motion to reconsider the grant of defendants' motion for an extension of time under Fed.R.Civ.P. 6(b)(2).

## A. Timeliness of Defendants' Motion for Attorney Fees

■ Defendants recognize that their motions for attorney fees were untimely by 16 or more days under Fed.R.Civ.P. 54(d)(B). They argue, however, that the court should enlarge the time required to file such motions because their failure to act was the result of "excusable neglect." Fed.R.Civ.P. 6(b)(2).

In *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court addressed the question of excusable neglect. The Court granted certiorari because some courts of appeals had required a showing that the movant's failure to meet the deadline was beyond its control, while others, such as the Court of Appeals for the Seventh Circuit, had adopted a more flexible approach. *Id.* at 387 n. 3, 113 S.Ct. 1489 (citing *Lorenzen v. Employees Retirement Plan of Sperry & Hutchinson Co.*, 896 F.2d 228, 232–33 (7th Cir.1990)). The Court adopted the more flexible approach, holding that excusable neglect could be found in situations in which delays were caused by "intervening circumstances beyond the party's control" as well as in situations involving "late filings caused by inadvertence, mistake, or carelessness." *Id.* at 388, 113 S.Ct. 1489. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392, 113 S.Ct. 1489.

■ The determination whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. 1489. To determine what sorts of neglect is "excusable, the Court set out a balancing test to be applied

when a negligent party or its attorney has failed to meet a deadline". A court is to consider the danger of prejudice to the adversary party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

Defendants offer two reasons for their delay in filing their motion for attorney fees. First, in July 2004, counsel for Hunter's View contacted this court to determine when it would render a decision on the parties' cross motions for summary judgment. According to defendants, someone in the clerk's office said that "it was unlikely that the parties would receive a decision on the motions until just before the pre-trial conference"; trial was set for November 2004. Dfts.' Mtn., dkt. # 140, at 2. As a result, defendants were surprised to receive a decision on the summary judgment motions in early August.

Second, because of this surprise, defendants had not planned how to communicate with two key decisionmakers in the case; each of these decisionmakers was unreachable during the time that defendants needed to decide whether to file a motion for attorney fees. The key decisionmaker for defendant Eastman Outdoors, in-house counsel Michael Stone, was on active duty the first two weeks in August, 2004, preparing 150 soldiers under his command for deployment to the war in Iraq. Stone was unable to review the August 2, 2004 opinion and order until after August 18, 2004. On September 1, 2004, after Stone had reviewed the opinion and order, defendant Eastman Outdoors filed its motion for attorney fees under 35 U.S.C. § 285.

The key decisionmaker for defendant Hunter's View, Dave Smith, was traveling in China for business when this court issued the August 2, 2004 opinion and order.

Counsel for Hunter's View was not able to discuss filing a motion for attorney fees with Smith until the week of August 22, 2004. Once counsel discussed the issue with Smith, defendant Hunter's View filed its motion for attorney fees under 35 U.S.C. § 285 on September 3, 2004.

What is most troublesome with defendants' motion to extend the time to file a motion for attorney fees is that they filed their joint motion under Fed.R.Civ.P. 6(b)(2) *after* they filed their motion for attorney fees. Even if I agree that the unavailability of Stone and Smith was excusable by itself, the timing of defendants Rule 6(b)(2) motion is not; it is difficult to understand why defendants did not file a Rule 6(b)(2) motion as soon as they realized that they would miss the 14–day deadline, which was sometime in August 2004. Instead, defendants waited to file their motion to extend until October, after plaintiffs had raised the timeliness issue in their brief opposing defendants' motion for attorney fees. Defendants do not explain why they saved their response to plaintiffs' timeliness argument until they filed their Rule 6(b)(2) motion rather than raising it in their reply brief to the motion for attorney fees. Had defendants filed their Rule 6(b)(2) motion before filing their motion for attorney fees, plaintiffs would have known whether to raise the timeliness argument in their brief opposing defendants' motion for attorney fees. Defendants prejudiced plaintiffs by dodging the timeliness argument.

Moreover, it is difficult to characterize defendants' late filing of their motion for attorney fees as excusable. It is inconceivable to me that anyone from this court would predict when I would render an opinion on the parties' motions for summary judgment. Even if a deputy clerk said that I would render an opinion before the pre-trial conference, why would defen-

dants have assumed that this would be the exact date, rather than recognizing the possibility that a decision could occur anytime before then? It was within the reasonable control of defendants to have a contingency plan should the key decisionmakers in this case be unavailable for consultation when this court issued its opinion and order on a major dispositive motion. At the very least, defendants could have asked the court for an enlargement of time to file their attorney fee motions soon after the August 2, 2004 opinion was released, rather than wait for two months. Because I do not find defendants' neglect excusable in filing a late motion for attorney fees under 35 U.S.C. § 285, I will rescind the October 8, 2004 decision and deny defendants' motion for an enlargement of time under Rule 6(b)(2). Because I am denying defendants' motion for an enlargement of time, defendants' motion for attorney fees is untimely under Fed.R.Civ.P. 54(d)(2)(B) and will be denied for that reason.

### B. *Rule 11 Sanctions*

In the motion it filed for attorney fees under 35 U.S.C. § 285, defendant Eastman Outdoors moved for sanctions against plaintiffs, in the form of attorney fees, under Fed.R.Civ.P. 11. Defendant contends that plaintiffs failed to conduct an adequate infringement analysis before filing a lawsuit against defendants. Plaintiffs point out that defendant failed to comply with the safe harbor provision of Rule 11 and the requirement that motions for sanctions under Rule 11 "be made separately from other motions or requests."

Fed.R.Civ.P. 11(c)(1)(A) contains a 21–day "safe harbor" period. The rule provides that a Rule 11 motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation,

or denial is not withdrawn or appropriately corrected." The safe harbor provision was added to Rule 11 in part to make the rule fairer by giving a potential violator notice and an opportunity to correct. Fed. R.Civ.P. 11, advisory committee notes, 1993 amendment (provision intended "to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation."); *see also Corley v. Rosewood Care Center, Inc.,* 142 F.3d 1041, 1058 (7th Cir.1998). The safe harbor provision is not a mere formality that a court may ignore when it believes that formal notice would be unnecessary or ineffective. *Id.* (citing *Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir.1997), and *Barber v. Miller,* 146 F.3d 707, 710–11 (9th Cir.1998)).

Although a party may file a Rule 11 motion after a court enters judgment, the party must have served the alleged violator at least 21 days before the entry of judgment. *Divane v. Krull Electric Co.,* 200 F.3d 1020, 1026 (7th Cir.1999) (holding that because plaintiff filed its Rule 11 motion more than 21 days before final judgment entered, plaintiff had met requirements of Rule 11). Post-judgment service does not satisfy the safe harbor provision for a good reason; the party facing sanctions is no longer able to withdraw or correct its allegedly flawed submission. *Id.*

In its reply brief, defendant Eastman Outdoors does not address plaintiffs' argument about its failure to meet the 21–day safe harbor provision. Rather, defendant focuses on plaintiffs' failure to conduct an adequate infringement analysis before filing a lawsuit, justifying the award of

attorney fees under both 35 U.S.C. § 285 and Rule 11. Therefore, I understand defendant to concede that it did not serve its Rule 11 motion on plaintiffs 21 days before filing the motion in this court. Even if defendant had met Rule 11's safe harbor provision, it did not file its Rule 11 motion separately; defendant combined its motion for sanctions with its motion for attorney fees under 35 U.S.C. § 285 and costs under Fed.R.Civ.P. 54(d). Therefore, I will deny defendant's motion for sanctions under Fed.R.Civ.P. 11.

## C. Bill of Costs

In addition to attorney fees, defendant Eastman Outdoors has moved for reimbursement of costs totaling $2,640.22. Dft.'s Reply in Support of Bill of Costs, dkt. # 144, at 3. (Defendant Hunter's View did not file a motion for costs under Fed. R.Civ.P. 54(d)(1)). This amount includes 1) $198.62 for copy costs; 2) $2,051.00 for expert witness fees; 3) $35.00 for downloading the '812 patent from Nerac; 4) $245.60 for retrieving documents and research concerning the '812 patent; and 5) $110.00 for illustration costs.

 Under Fed.R.Civ.P. 54(d)(1), costs other than attorney fees are allowed as of course to the prevailing party unless the court otherwise directs. Defendant has already amended its request for reimbursement by deleting $4,232.08 in costs. Nevertheless, plaintiffs argue that the remaining $2,640.22 should be denied because the court did not rely on the items for which defendant seeks reimbursement when making its decision to grant defendant's motion for summary judgment. Plaintiffs' argument is unavailing. Defendants had no way to predict how the court would resolve the case. Because the court does not require parties to be clairvoyant about how a court will dispose of a case, parties are free to pursue whatever

strategy they believe will bolster their case. None of these costs is excessive or unreasonable in the defense of a patent infringement case. (As an example, plaintiffs argue that defendant is entitled to reimbursement of only those costs related to copies furnished to the court, not those provided to attorneys. However, under *Kulumani v. Blue Cross Blue Shield Association*, 224 F.3d 681, 685 (7th Cir.2000), "[t]wo copies of every document filed with the court or provided to opposing counsel makes sense." Given the number of attorneys involved in this case, $198.62 in copy costs is not excessive.) I will grant defendant Eastman Outdoor's request for costs in the amount of $2,640.22.

## ORDER

IT IS ORDERED that

1. This court's October 8, 2004 order granting defendants Eastman Outdoors and Hunter's View's motion to enlarge the time under Fed.R.Civ.P. 6(b)(2) to file a motion for attorney fees is VACATED;

2. Defendants Eastman Outdoors and Hunter's View's motion to enlarge the time to file a motion for attorney fees is DENIED;

2. Defendants Eastman Outdoors and Hunter's View's motion for attorney fees under 35 U.S.C. § 285 is DENIED as untimely pursuant to Fed.R.Civ.P. 54(d)(2)(B);

3. Defendant Eastman Outdoors's motion for sanctions under Fed.R.Civ.P. 11 is DENIED;

4. Defendant Eastman Outdoors's request for an award of costs under Fed. R.Civ.P. 54(d)(1) is GRANTED in the amount of $2,640.22.