Christine FULLONE, Individually and as Administratrix of the Estate of Salvatore Fullone, Deceased, Plaintiff,

v.

GOODYEAR TIRE AND RUBBER COMPANY, Defendant.

No. Civ–80–1015E.

United States District Court, W.D. New York.

Feb. 6, 1985.

Peter Marlette, Buffalo, N.Y., for plaintiff.

Diane F. Bosse, Buffalo, N.Y., for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

In this diversity action arising from an alleged explosion September 13, 1978 of a multi-piece truck rim which resulted in the death of plaintiff's decedent, defendant has moved to compel discovery pursuant to Fed.R.Civ.P. rule 37.

On March 16, 1981 the Judicial Panel on Multi-district Litigation had transferred this case to the United States District Court for the Western District of Missouri for inclusion in the consolidated pretrial proceedings occurring before that court. Upon the completion of extensive "common issue" discovery and the near completion of all "local issue" discovery except expert witness discovery, the action was remanded by the Judicial Panel to this Court November 26, 1982. The Final Pretrial Order of United States District Judge William R. Collinson states that transferor courts "will be responsible for scheduling and resolving any remaining discovery or disputes." *Final Pretrial Order*, at 44.

Defendant has moved for an order requiring plaintiff to produce the truck rim upon which this suit is based for the purposes of its non-destructive examination and testing. Pursuant to Fed.R.Civ.P. rule 34 defendant had served upon plaintiff an Amended Request for Production in August 1982 asking plaintiff to produce the rim and rim components as well as other designated items for inspection and examination. Plaintiff's "Response to Defendant's Request for Production Pursuant to Rule 34" opposed submission of the rim and components on the ground that defendant had already completed a full examination of such at its attorneys' offices July 7, 1982. The Response admits that at the earlier inspection plaintiff had conditioned the taking of any photographs by defendant's expert upon plaintiff's receipt of cop-

ies of the photographs. Plaintiff further contended and continues to argue that, should this Court order the second examination, defendant should be directed to produce for plaintiff's copying all test data, reports, photographs, sketches, diagrams and other documentation stemming from the inspection and examination.

Plaintiff asserts that there is precedent in this tire rim multi-district litigation for making discovery and inspection contingent upon submission of the resulting documentation to the other party due to Judge Collinson's Order in *Jackson v. Firestone Tire & Rubber Co.*, No. 80–0919–CV–W–2 (W.D.Mo. June 3, 1982), wherein the defendants were ordered to give to plaintiff copies of their test data. However defendant points out that such Order related only to that particular action, that it was not a multi-district litigation order and that the defendants therein had in fact already received a copy of plaintiff's expert's report under the mutual exchange of expert report procedure adopted in that action. *See Bosse Affidavit,* ¶ 9; *Brees Affidavit.* Defendant has further stated that it has no objection to a mutual exchange of experts' work product in this action—*see Bosse Affidavit,* ¶ 19(d)—yet plaintiff has taken the position that she cannot agree to such inasmuch as she has not yet retained an expert. *See Kane Affidavit,* ¶ 15.

Plaintiff's contention that defendant should be required to turn over any examination data by reasor of Judge Collinson's June 3, 1982 Order is also contradicted by that jurist's statement in his Final Pretrial Order that "as to *all* remaining expert discovery, it is the Court's opinion that such discovery be conducted and supervised by the transferor courts in accordance with their local rules and customs." *Final Pretrial Order,* at 44.

 Plaintiff has advanced no valid reason why defendant should be precluded from additional and private non-destructive examination and testing of the rim in question. In addition plaintiff's suggestion that defendant be ordered to produce for her copying any reports promulgated or data

obtained as a result of such examination or testing is rejected.

Defendant has also submitted an affidavit of its expert, Robert F. Harold, which indicates that it will be necessary to remove a small amount of dirt and/or rust from the rim surface in order to reveal an impression indicating the year of the rim's manufacture. In addition to the sought non-destructive examination, defendant is hereby authorized to perform upon the rim the minimal scraping procedure described in the Harold affidavit solely to reveal the year of manufacture.

In accordance with the foregoing defendant's motion to compel discovery of the rim and rim components is hereby ORDERED granted. Plaintiff is directed to provide the rim and rim components in question to defendant's attorneys within ten (10) days of the entry of this Order. Defendant shall return the received items to plaintiff within sixty (60) days of receipt of such.