Fahey, J.
During the course of this litigation, the Plaintiff served a request for production of documents on each of the Defendants, Double E Corporation, Inc. (“Double E”) and Mark Fortin (“Fortin”). In November 2000, the Defendants each filed a response to those requests for production. The Defendants’ responses each included general objections which included objections based on attorney/client privilege. The Plaintiff claimed before trial, and post-trial renews his claim, that the Defendants’ responses were incomplete when made and that the Defendants and their counsel violated rules requiring supplementation.
The specific requests at issue are:
Request #1: Any documents, records, notes, or memorandum pertaining to the Plaintiff in your possession, custody, or control.
Response #1: Double E objects to this request on the grounds that it is overbroad and unduly burdensome and seeks information which is neither relevant nor material to this action, nor likely to lead to the discovery of admissible evidence. Without waiving its objection, Double E states that it will produce Plaintiffs personnel file.
Request #3: The employment file or personnel file kept or maintained by Double E Corp. with Harry Hope.
Response #3: Double E will produce Plaintiffs personnel file.
Double E did produce what it represented to be Plaintiffs personnel file, approximately 163 pages. The document response by Double E did not in any way indicate that the Defendant was only producing some, but not all, of the requested documents. The Defendants now claim that while some documents were, in fact, not produced during that initial production, the Plaintiff was on notice of that incomplete response by way of the attorney/client privilege objection. The difficulty with the Defendants’ position is that the Defendants’ response fails to indicate that their document production was in any way incomplete.
The Plaintiff, having received each Defendant’s document response, deposed Defendant Fortin. At that deposition, Plaintiff marked as an exhibit a 1988 performance evaluation of the Plaintiff which, apparently all parties now agree, is, in fact, in Plaintiffs personnel file but was not part of the Defendants’ document response.[2] By that deposition of Fortin, the Defendants[3] and their counsel were aware that the Defendants’ document response was incomplete and inaccurate.
In addition, after the Defendants moved for summary judgment, the Plaintiff filed an opposition which included an affidavit of the Plaintiffs now ex-wife, attached to which were documents[4] that she claimed had been received by her counsel in the divorce action pursuant to a deposition subpoena served on Double E for Hope’s personnel records. On receipt of this affidavit in the Plaintiffs opposition to the Defendants’ motion for summary judgment, the Defendants and their counsel were again on notice that new documents had not been produced by the Defendants in their initial document response of the Plaintiffs personnel file. Still no supplementation of the Defendants’ document response was served by the Defendants.
During trial, the Plaintiff served a trial subpoena duces tecum on the Keeper of Records at Double E for *529 the Plaintiffs personnel file, and again received a personnel file with yet an additional document that had never been produced to the Plaintiff during discovery.[5]
Based on the Defendants’ incomplete, inaccurate document responses, the Plaintiff filed a Motion in Limine for Rule 37 sanctions against the Defendants and their counsel. After trial, Plaintiff renewed this motion and moved for Rule 11 sanctions.

DISCUSSION

Sanctions Pursuant to Mass.R.Civ.P. 11

Rule 11(a) of the Massachusetts Rules of Civil Procedure, in pertinent part, states: ”[t]he signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for delay.” This rule “also applie[s] to motions and other papers by virtue of Mass.R.Civ.P. 7(b)(2).”[6] Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 414 (1998). An attorney maybe subject “to appropriate disciplinary action for a wilful violation of this rule.” Mass.R.Civ.P. 11(a). Although Rule 11(a) “is silent as to the particular disciplinary measures that may be imposed,” monetary sanctions are allowed. Van Christo Advertising Inc., 426 Mass. at 412, 414.
A judge, therefore, may impose attorneys fees and costs where an attorney has failed to show a subjective good faith belief that the pleading, motion or other paper was supported in both fact and law. Id. at 416 (citations omitted). “Good faith includes, among other things, an absence of design to defraud or to seek an unconscionable advantage.” Id., citing Black’s Law Dictionary 693 (6th ed. 1990); Hahn v. Planning Bd. of Stoughton, 403 Mass. 332, 337 (1988). “Although this standard is less demanding than the objective standard embodied in the Federal rule . . . [the Massachusetts] rule does not excuse an attorney’s wilful ignorance of facts and law which would have been known had the attorney simply not consciously disregarded them.” Van Christo Advertising, Inc., 426 Mass. at 416-17, citing West’s Case, 313 Mass. 146, 150-51 (1943).
A “court is expected to avoid using the wisdom of hindsight and should test the signer’s conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted.” Van Christo Advertising, Inc., 426 Mass. at 418-19, quoting Advisory Committee Notes Fed.R.Civ.P. 11 (1983).[7] Here, there is no evidence indicating that the Defendants or their counsel, at the time the response was signed, knew or, but for their wilful ignorance, should have known that their response was incomplete.
Plaintiff asserts that “Counsel for the Defendants is not in the position of arguing that they did not know the documents existed . . . [because] [after the response to document production was served on the Plaintiffs counsel, Defendants (sic) counsel learned . . . that a significant number of responsive documents had not been included.” Plaintiffs Motion for Sanctions Pursuant to Rule 11 M.R.C.P. at [2] (emphasis added). Even assuming that Defendant’s counsel knew that documents were missing from the file after they submitted their response pursuant to Rule 34, this does not necessarily indicate that counsel had such knowledge at the time they responded. Moreover, Plaintiff points to no other facts or evidence from which it could be inferred that Defense counsel had knowledge, at the time they signed their Rule 34 submission, that their response was incomplete. The Court, therefore, denies Plaintiff s Motion for Sanctions Pursuant to Rule 11.
Sanctions Pursuant to Mass.R.Civ.P. 37(d)[8]
Rule 26(e) states that “[a] party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except... [a] party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.”[9] Although Rule 26 provides no specific sanctions for failure to supplement a previous response, I am satisfied that, in the appropriate situation, Rule 37 sanctions may be applied.
Defendants’ first argument against Rule 37 sanctions is that such sanctions cannot be imposed because the parties did not have a conference pursuant to Superior Court Rule 9C. Although the parties did not have a Rule 9C conference, the Court believes that such a conference would serve no purpose in the instant case. Here, the Plaintiff raised the issue of sanctions in a Motion in Limine, which he renewed after trial. The parties, therefore, had ample opportunity to settle their discovery dispute. In addition, at this stage of the proceedings, such a conference would not serve Rule 9C’s purpose to “narrow [the] areas of disagreement.” Here, Plaintiff has prevailed on his underlying claim;[10] therefore, the sole remaining issue is whether sanctions as to defense counsel are appropriate. Thus, even if the parties had a Rule 9C conference, it is doubtful that such a conference would sharpen the inquiry any further. Given the facts and procedural posture of the instant case, this court is reluctant to elevate form over function and impose a formality on the parties that I believe would only frustrate “the just, speedy and inexpensive determination of [the instant] action.” Mass.R.Civ.P. 1; Diversified Mortgage Investors v. Viking General Corp., 16 Mass.App.Ct. 142, 151 n.8 (1983) (citations omitted).
*530 Defendants’ second argument against the imposition of Rule 37(d) sanctions is that such sanctions are “intended only for situations in which no responses to discovery requests have been served.” Defendants’ Supplemental Opposition to Plaintiffs Motion for Sanctions at 3. Rule 37(a)(3), however, provides that “an evasive or incomplete answer is to be treated as a failure to answer.” Moreover, our Supreme Judicial Court has stated that “the sanctions provided by Rule 37 are designed not only to compel compliance with discovery requests: they also act as a deterrent to unwarranted evasions of discovery." Corsetti v. Stone Co., 396 Mass. 1, 26 (1985).
Although this Court was unable to find any State appellate case law directly on this point, the majority position among the Federal Courts is that “Rule 37(d) sanctions may be imposed where evasive or incomplete responses impede discovery.”[11] Baldalamenti v. Dunham’s, Inc., 896 F.2d 1359, 1363 (Fed.Cir. 1990). Thus, under the majority view, a party who files an incomplete response to a Rule 34 request may be sanctioned under Rule 37(d) when: (1) the omission was “willful,” as required by the Rule; and (2) Defendants’ incomplete response impeded discovery.
Given that the Defendants did not adhere to Rule 34(b)[12] by indicating in any specific way that their response was incomplete, combined with the fact the Defendants received actual notice that their discovery response was incomplete on two separate occasions, yet they did not supplement their response as required by Rule 26(e), this Court finds that the Defendants willfully failed to supplement their response to Plaintiffs discovery request, and that the Defendants’ incomplete response impeded discovery.
Defendants’ third argument is that sanctions are inappropriate given the nature of the various omitted documents. Defendants’ Opposition to Plaintiffs Post-Trial Motions for Sanctions at 2-7. According to the Defendants, the documents they allegedly withheld from Plaintiffs personnel file are either: (1) innocuous and irrelevant; (2) of less probative value than the materials they did produce; (3) not within the scope of the Rule 34 document request; or (4) subject to the attorney-client privilege.
Defendants assert that the 1988 Performance Evaluation (Trial Exhibit 26) is “innocuous and irrelevant.” Defendants’ Opposition to Plaintiffs Post-Trial Motions for Sanctions at 3. Rule 26(b)(1) states, “Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.” The scope of discovery, therefore, is very broad. See Carr v. Howard, 426 Mass. 514, 528 (1998).
Although the document in the instant case may be innocuous, given the subject of the underlying dispute, it is not necessarily irrelevant. “A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.”[13] Miller v. Doctor’s Gen. Hosp., 76 F.R.D. 136, 138-39 (W.D.Okla. 1977) (emphasis added); Gagne v. Reddy, 104 F.R.D. 454, 456 (D.Mass. 1984) (“discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action”). The Defendants, therefore, should have either produced this document or, at the very least, indicated that their response was incomplete as required by Rule 34(b).
Defendants also argue that because their failure to produce an “innocuous and irrelevant” document is not evidence of any intentional concealment or deliberate withholding, it cannot form the basis for the imposition of sanctions. Defendants' Opposition to Plaintiffs Post-Trial Motions for Sanctions at 3. The Defendants, however, do not cite any authority for this proposition.
The Defendants assert that the 1998 subpoena to Double E (Trial Exhibit 28) is not a “personnel record” as that term is defined in G.L.c. 149, §52C, and that therefore, it was not improperly withheld. This Court is not persuaded by Defendants’ argument. In response to Plaintiffs request for “the employment file or personnel file kept or maintained by Double E Corp.,” Double E responded, without qualification, “Double E will produce Plaintiffs personnel file.” Defendants (sic) Double E’s Response to Plaintiffs Request for Production of Documents at [3]. As the subpoena and the documents attached to it were, in fact, in Plaintiffs personnel file, the Defendants should have either included the subpoena in their document response or indicated that their document response was not complete as required by Rule 34(b).
The Defendants maintain that the documents pertaining to compensation and benefits were not improperly withheld because these materials had less probative value than those Defendants produced.[14] This Court is also not persuaded by this argument. The Rules do not provide that a party may withhold materials it deems “less probative.” Moreover, even if the Defendants believed that these materials were duplicative, they should have, as required by Rule 34(b), at least indicated that their response was incomplete in that the Plaintiff s complete personnel file was not produced.
The Defendants also assert that the notes concerning a conference call between Double E and its predecessor counsel (Trial Exhibit 27) are subject to the attorney-client privilege. Defendants’ Opposition to Plaintiffs Post-Trial Motions for Sanctions at 4. Even if this document is protected by attorney-client privilege, the Defendants, again, failed to comply with Rule 34(b) by indicating that their production was not complete.
In their fourth argument, Defendants maintain that sanctions are not appropriate as to those documents that they reasonably believed Plaintiff possessed. Ac *531 cording to the Defendants, Double E reasonably believed that Plaintiff had copies of the documents which Plaintiffs ex-wife claimed her counsel had received in response to a deposition subpoena for Plaintiffs personnel records served on Double E pursuant to Plaintiffs divorce action.[15] The Defendants’ belief rests on the fact that the cover letter, which accompanied the subpoena issued in Plaintiffs divorce action, copied Plaintiffs counsel. Thus, the Defendants maintain that, because Plaintiff should have received these materials during the divorce action, they were not required to produce them.
Defendants’ argument is not persuasive for two reasons. First, our discovery rules do not allow a party responding to a Rule 34 request for document production to withhold materials without at least indicating that their document response is incomplete. Mass.R.Civ.P. 34(b). Second, Federal case law indicates that prior access does not bar discovery. See Italia di Navigazione, SPA. v. M.V. Hermes I, 564 F.Sup. 492, 495 (S.D.N.Y. 1983), aff'd. on other grounds, 724 F 2d 21 (2d Cir. 1983) (rejecting objection to production on ground that party had access to documents it sought); Fullone v. Goodyear Tire & Rubber Co., 107 F.R.D. 1, 1-2 (W.D.N.Y. 1985) (granting defendant’s motion for production for private examination and testing even though defendant had already inspected at office of plaintiffs attorney); Burton Mechanical Contractors, Inc. v. Foreman, 148 F.R.D. 230, 236, (N.D.Ind. 1992) (rejecting contention that documents need not be produced because they were in requesting party’s possession as result of separate litigation); Weiner v. Balch Halsey Stuart, Inc., 76 F.R.D. 624, 625 (S.D.Fla. 1977) (production ordered even though defendant had copies in his own files).
In their fifth argument, Defendants maintain that sanctions are not appropriate as to those documents not in Double E’s possession.[16] Defendants’ Opposition to Plaintiffs Post-Trial Motions for Sanctions at 8. In support of their assertion that Double E did not possess these materials, Defendants cite the Affidavit of Stephen T. Paterniti, par. 7, which states “upon further reasonable search by Double E for documents in its possession after the trial of this matter, it was revealed that Double E is not in possession of a number of documents Plaintiff inaccurately states were intentionally withheld from production.”
Defendants also note that “these documents were not located by Double E in its initial search in response to Plaintiffs document production request, were not located by Double E when it compiled Plaintiffs personnel file in response to Plaintiffs trial subpoena, and were not located . . . when Plaintiffs personnel file at Double E was compared to the alleged ‘purged’ documents introduced at trial.” Defendants’ Opposition to Plaintiffs Post-Trial Motions for Sanctions at 8, citing Affidavit of Stephen T. Paterniti at par. 8. As to these document, the Court accepts, as Paterniti surmises in his Affidavit at par. 9, that these documents may have been either misplaced or not retained by Double E. Sanctions, based on the omission of these materials, therefore, are not appropriate.

Sanctions

In the instant case, the Defendants have repeatedly failed to comply with the Massachusetts' rules of discovery. Although the personnel file, produced by the Defendants in response to Plaintiffs Rule 34 request, lacked a significant number of documents later determined to actually be within that personnel file, Defendants’ response and production did not indicate the file was incomplete as required by Rule 34(d). In addition, even though the Defendants and their counsel were given notice on two separate occasions, after they served their response, that their response was incomplete, they made no effort to supplement their response as required by Rule 26(e). Moreover, although Defendants’ Counsel has been given the opportunity to provide an affidavit to this court, even in camera, concerning any efforts made to learn from their clients any reasons for the discrepancies in the various productions of the Plaintiffs personnel file and his efforts to obtain a supplemental production, both defense counsel have failed to provide any such explanation.
The Defendants have not only subverted the goal of discovery, which is to make “trial less a game of blind man’s bluff and more a fair contest,” Anderson v. Cryovac, Inc., 862 F.2d 910, 929 (1st Cir. 1988), citing United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958), they have thwarted the “just, speedy and inexpensive determination” of the instant action. Mass.R.Civ.P. 1. This Court, therefore, believes that sanctions pursuant to Rule 37(d) are appropriate.[17]

ORDER

For the foregoing reasons, it is ORDERED that Plaintiff’s request for sanctions pursuant to Mass.R.Civ.P 11 be DENIED and that Plaintiffs request for sanctions pursuant to Mass.R.Civ.P 37(d) be ALLOWED. Counsel for Defendants is ORDERED to pay Plaintiffs costs, including attorneys fees, associated with the filing of this Motion, after counsel for Plaintiff submits to the Court an itemized accounting of the cost and fees incurred.

 This document was marked as Exhibit 26 at trial.

 Defendant Double E’s in-house counsel attended this deposition along with Double E and Fortin’s counsel in this case.

 The documents the Plaintiffs ex-wife attached to her affidavit were marked at trial as Exhibit 28.

 This document was marked as Exhibit 27 at trial.

 Rule 7(b)(2) states: “(t]he rules applicable to captions, signing, and other matters of form of pleadings apply to all motions and other papers provided for by these rules.”

 When construing the Massachusetts Rules of Civil Procedure, courts follow the construction given the Federal Rules *532 "absent compelling reasons to the contrary or significant differences in content.” Van Christo Advertising. 426 Mass. at 414, quoting Rollins Envtl. Servs, Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975). The text of Massachusetts Rule 11(a) is virtually identical to the Federal Rule 11(a) prior to its amendment in 1983; thus the Massachusetts Supreme Judicial Court has stated that “in applying our rule 11(a), we shall rely on the construction given to the pre-1983 version of Fed.R.Civ.P. 11." Id.

 As Defendants note, Plaintiff did not specify which section of Rule 37 he seeks to invoke. It appears to this Court that Rule 37(d) applies. That Rule, in pertinent part, states:
If a party... wilfully fails . . . (3) to serve a written response to a request for inspection submitted under Rule 34, . . . the court. .. may make such orders in regard to the failure as are just. . .

 At oral argument on the instant motions, Double E’s counsel asserted that it is common practice among the defense bar to not specify in a document response when their response is incomplete, i.e. when responsive documents are being withheld. Even if this is true, which I do not accept, it is not a mitigating factor.

 Sanctions have not been entered against Defendants Double E or Fortin because the Court considers the verdict in the underlying action a sufficient sanction. The evidence presented during the trial allowed the jury to consider that not all of what Double E now says is Plaintiffs personnel file was produced during discovery.

 When construing the Massachusetts Rules of Civil Procedure, courts are to follow the construction given the Federal Rules “absent compelling reasons to the contrary or significant differences in content.” Van Christo Advertising, 426 Mass. at 414, quoting Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975).
Although Defendants cite Baldalamenti for the proposition that Rule 37(d) does not apply unless a party completely fails to respond to a discovery request, the Baldalamenti Court’s full statement is, “the majority view of Rule 37(d) [is] that sanctions may be imposed where evasive or incomplete responses impede discovery [although] [sleveral courts hold that Rule 37(d) does not authorize an award of sanctions unless there is a total failure to respond to the discovery requests.” Baldalamenti, 896 F.2d at 1362.

 Rule 34(b), in pertinent part, states:
The party upon whom the request is served shall serve a written response within 30 days after the service of request . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

 The text of Mass.R.Civ.P. 26(b) mimics the language of the Federal rule prior to its amendment in 2000. The court, therefore, gives the Massachusetts rule the same construction as the Federal rule prior to its amendment. See Van Christo Advertising, 426 Mass. at 414, quoting Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 179-80 (1975) (stating that when construing the Massachusetts Rules of Civil Procedure, courts are to follow the construction given the Federal Rules).

 According to the Defendants, they “produced numerous documents . . . which state in far more direct terms that Double E believed [Plaintiff] had resigned.” Defendants’ Opposition to Plaintiffs Post-Trial Motions for Sanctions at 6.

 These materials are contained in Trial Exhibit 28.

 Paterniti’s affidavit indicates the Defendants did not have possession of the following: a November 11, 1997 correspondence from Human Affairs to Sandra Ponichtera: a statement from Plymouth County Sheriffs Department; a June 17, 1998 COBRA dental insurance sign-up form; a Guardian Life Insurance Form; a 1987 form enrolling Plaintiff in Group Insurance Plan; a 1987 form enrolling Plaintiff in long-term disability plan; a 1995 Blue Cross Enrollment and Change Form; and a 1994 Guardian Insurance form.

 This Court considers this public decision and the imposition of these financial sanctions sufficient to satisfy the obligations imposed on and required of me by Canon 3(B)(3) such that further referral is not necessary.