McDonough, Edward J., J.
This discovery dispute arises in the context of a multi-vehicle motor vehicle accident occurring in Holyoke, Massachusetts on December 15, 2010. In essence, plaintiff Stephen O’Brien alleges he was rear-ended by defendant Jeremy Jandreau. Moments after the rear end collision, plaintiff alleges his vehicle was struck from the front by a van operated by the defendant Kenroy Smikle, the driver employed by defendant American Medical Response of Massachusetts, Inc. (“AMR”). Plaintiffs brief represents that his client’s car was demolished and that he suffered serious injuries.
1. With respect to the AMR driver personnel file, and investigative reports, the motion is allowed
AMR shall supplement its document response making clear that it has produced the driver’s entire personnel file and shall make clear that it has produced the results of any and all investigations conducted and incident reports with respect to the subject motor vehicle accident and its defendant driver. The e-mail response dated June 16, 2013 from counsel for AMR that “we are not authorized to provide any further documents in response to your letters,” was, without saying so, highly suggestive to plaintiff that AMR was withholding certain unspecified responsive documents. The AMR opposition to the motion confirms this. The AMR Quality Assurance Reports pertaining to this defendant driver should have been specifically identified in the AMR response as the documents AMR was withholding under a claim of privilege under Martel v. MVTA, 403 Mass 1 (1988). In fact, as was explained nearly a year ago to AMR’s counsel by plaintiffs counsel in his August 12, 2012 letter, under Martel, such reports of incidents and investigations are not made privileged from discovery. Martel’s holding (as is clear from the AMR’s own quotes in AMR’s opposition to the motion) went strictly to the issue of admissibility, not discovery. (“Although not itself a ‘repair’ of a dangerous condition, the investigation is the prerequisite to any remedial safely measure.” Martel, supra at 5.) Indeed, AMR’s counsel well knows that it is impossible for a judge and opposing counsel to address admissibility unless and until the documents are first made available in discovery. Depending upon the particular entries in the AMR Quality Assurance Reports (or any other investigation documents or incident reports AMR has withheld) the reports may or may not be admissible on the issue of negligence. But a party may not (a) withhold documents, (b) arrogate to itself the role as sole arbiter of the document’s admissibility, and (c) then use its own self-serving inadmissibility ruling as an excuse or pretext to continue to withhold the documents as irrelevant. “A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.” Miller u. Doctor’s Gen. Hosp., 76 F.R.D. 136, 138-39 (W.D.Okla. 1977) (emphasis added); Gagne v. Reddy, 104 F.R.D. 454, 456 (D.Mass. 1984) (“discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action”). See also Hope v. Double E Corp., 14 Mass. L. Rptr. 528 (Mass.Super.Ct. 2002) (Fahey). The AMR Quality Assurance Reports not identified or described in AMR’s document response may well prove to be inadmissible as evidence of subsequent remedial measures to prove negligence. But it has long been settled that not all evidence of subsequent remedial measures is inadmissible. Such measures may be admissible on the issues of control or feasibility.[1] And even if the trial judge deems these reports inadmissible as evidence of negligence (it is wrong for AMR to assume the admissibility issue would be resolved pretrial by a motion judge addressing only a discovery dispute), the reports may reveal party admissions, evidence of notice or other relevant information leading to other discoverable or independently admissible evidence.
The same holds true with respect to the AMR documents in its file concerning an investigation which AMR *496 conducted concerning an accident in which it claims the defendant AMR driver in this case was wrongly implicated for alleged drug possession when he was misidentified as the driver’s twin brother. The fact is that these documents are contained in the AMR file on this defendant AMR driver. Plaintiff need not accept on faith AMR’s characterization of these documents. Plaintiff is entitled to verify the AMR representations in this regard. These investigative documents shall be produced under the terms and conditions of the parties’ previously agreed to protective order in order to protect any legitimate privacy interests. The supplemental response of AMR shall clarify which further documents not addressed in this order which AMR may be withholding, if any, and shall contain an appropriate privilege log if it is claiming privilege with respect to any withheld documents, including but not limited to any documents reflecting any investigation, formal or informal, of the subject accident.
2. With respect to cellular telephone information concerning the AMR driver, the motion is allowed
The right to privacy protections under General Laws chapter 215, §1B would not extend to a cellular telephone number of a commercial operator alleged to have caused a serious motor vehicle accident. Such information does not constitute an “unreasonable, substantial or serious interference with [the driver’s] privacy.” Significantly, in his deposition, the defendant AMR driver raised no privacy objection or concerns when he was asked for this cell phone number. It is revealing that in its opposition, AMR has apparently abandoned its privacy objection with respect to the cell phone number. In its opposition, AMR reveals that it provided its driver’s cell phone number to plaintiff on July 12, 2013. AMR claims, therefore, that plaintiffs motion on this issue is rendered moot. But plaintiffs motion to compel is dated June 26, 2013, leading me to conclude that AMR never would have produced this information on July 12th—the date of AMR’s opposition—had AMR not forced plaintiff to prepare and serve this motion to compel. Obviously, surrendering discoverable documents—or revealing their existence for the first time—only when one has been confronted with a motion to compel—is hardly proper way to conduct discovery. Discovery is not a game of “hide the ball" until your opponent is forced to take you to task on inappropriate or baseless objections. “Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case.” Abrahamsen v. Trans-State Express, 92 F.3d 425, 428-29 (6th Cir. Ohio 1996) (Defendant’s truck company and driver appealed judge’s granting plaintiffs motion for relief from a judgment, and sua sponte entering judgment for plaintiffs in negligence action where defendant withheld discovery. Affirming the order, the court of appeals held that defense counsel’s failure to disclose defendant truck driver’s admission of liability, and his failure to prevent defendant truck driver from perjuring himself, warranted relief from the jury’s apportionment of liability and the entry of judgment holding defendants 100 percent liable for the accident); KLeen Prods., LLC v. Packaging Corp. of Ant, 2013 U.S. Dist. LEXIS 3016, 17-18 (N.D.I11. Jan. 9, 2013) (‘To parse the meaning of ‘job descriptions’ in the way GP does is to encourage every future litigant before this Court and others to hide the ball in discovery based on the thinnest of distinctions of what a document is called rather than what content it contains”). Morgan v. BUI Vann Co., 2011 U.S. Dist. LEXIS 140394 (S.D.Ala. Dec. 6, 2011) (“State-court discovery is not a ‘hide the ball’ game in which the answering party provides the least amount of information possible, then faults the defendant later for not guessing the presence of additional facts”); Athridge v. Aetna Casualty & Surety Co., 184 F.R.D. 181, 190 (D.D.C. 1998) (A discovery response in which party objects on relevance but produces less than all requested documents does not comply with the rules and is improper. “[T]his type of answer hides the ball. It leaves the plaintiff wondering what documents are being produced and what documents are being withheld. Furthermore, it permits the defendant to be the sole arbiter of that decision. Such an objection is really no objection at all as it does not address why potentially responsive documents are being withheld. The defendant, having no incentive to err on the side of disclosure, has arrogated to itself the authority to decide the question of relevance which is unquestionably the decision of the judge . . . Asserting a relevance objection, then proceeding to agree to produce ‘relevant, non-privileged’ documents ‘subject to and without waiving’ that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant’s decisions”); see also United States v. Houlihan, 937 F.Sup. 65, 69 (D.Mass. 1996) (Gertner, J.) (“Criminal discovery is not, nor should it be, the game of hide the ball. The stakes are too high to both sides”).
Plainly, as a commercial motor vehicle operation, AMR must appreciate that any cell phone activity on the part of its driver may lead to the discovery of admissible evidence in a motor vehicle accident case. There would be no way to obtain or corroborate pertinent cell phone activfly absent discovery of a driver’s cell phone number. The defendant driver’s cell number should not have been withheld or used as leverage to negotiate other discovery disputes.
3. With respect to discovery issues concerning the AMR designated expert, the motion to compel is allowed
To begin with, the response of AMR to the expert interrogatory was appropriate. Rule 26(b)(4) limits expert discovery, absent an order of the court, to interrogatories seeking the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert is expected to testify, *497 and the substance of facts and opinions to which the expert is expected to testify along with a summary of the grounds for each opinion. Nevertheless, in the circumstances of this case, plaintiff has met the burden to show that further expert discovery is reasonable and necessary. In the case of a computer simulation, it is unreasonable to expect that this expert’s opinions can be adequately and fairly disclosed without production by AMR of the actual computer simulation the expert expects to use in testimony. Further, discovery of the computer simulation is appropriate where the simulation itself may be offered as an exhibit at trial. Moreover, plaintiffs request for the name of the software program is reasonable so that plaintiff can ascertain whether the expert opinion is based upon accepted scientific principies. Plaintiff need not be forced to wait and learn this information and see the simulation at the very same time it’s seen by the jury. Plaintiff is also entitled to discover any and all documents which were used as input into the computer simulation. This necessarily includes any and all medical records so utilized. I find that there is a “substantial need” for these materials in order for plaintiff to prepare to try the case, to avoid unfair surprise, and determine the need, if any, of retaining a rebuttal expert. However, I will condition this order on payment by plaintiff to cover the AMR expert’s reasonable expenses incurred for time spent in responding to this discovery order. Any such fee would be limited to additional reasonable limited time expended by the expert, if any, in assisting AMR to comply with this order. Although plaintiff does not seek an order to require AMR to produce this expert for an expert deposition, in anticipation of the issue arising, should plaintiff desire such a deposition, the request will be granted subject to plaintiffs payment of the defendant expert’s reasonable time and expenses for the time spent attending such a deposition.[2]
In its opposition, AMR sets forth complaints that plaintiff has not adequately disclosed plaintiffs expert information. This is an inappropriate response. There is no AMR motion to compel before me. It is expected that plaintiff will provide expert discovery consistent with the terms of this order. Otherwise, AMR may file its own motion to compel.
4. With respect to the collective bargaining agreement, plaintiffs motion is allowed
Plainly, a collective bargaining agreement which may well set forth performance standards for employees, including the driver of this AMR vehicle, may lead to the discovery of admissible evidence. The response of counsel for AMR that “we are not authorized to provide any additional documents in response to your letters,” is troubling because compliance with the court’s rules of discovery does not depend upon obtaining unspecified authorizations from unknown third parties. Such a response is evasive. To the extent that AMR was claiming a legally cognizable privilege, without saying so, it was obliged to provide a specific response in a privilege log. AMR cites no authority for its strange argument that a collective bargaining agreement between AMR, “a significant employer in Springfield,” and its drivers somehow contains protected private business information, the disclosure of which to the plaintiff “could prejudice AMR in its future dealings and negotiations with union representatives.” AMR opposition, p. 10. Not surprisingly, AMR does not explain how. The argument is specious. The document shall be produced.
5. Plaintiffs request for sanctions
The Massachusetts Rules of Civil Procedure “shall be construed to secure the just, speedy and inexpensive determination of every case.” See Rule 1, Rules of the Supreme Judicial Court, 382 Mass. 698 (1980). Rule 37(a)(4), detailing possible sanctions for failure to make discovery, reads: “If the motion [to compel discovery] is granted, the court may, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorneys fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.”
Thus far, and subject to a hearing which either party may request, I find that except for AMR’s response to plaintiffs request for further expert information, there is a basis for me to find that AMR’s responses to plaintiffs motion were not substantially justified, and that AMR’s responses to plaintiffs discovery requests detailed above were unreasonable and obstreperous in nature warranting an award of expenses to plaintiff for time spent in preparing and bringing this motion.
ORDER
Plaintiffs motion to compel further discovery responses is ALLOWED as specified above.
Plaintiffs motion for sanctions is conditionally ALLOWED, subject to the following conditions. Within 7 days of receipt of this order, plaintiff shall submit to me an affidavit of fees and costs in connection reviewing the improper discovery responses, unsuccessful efforts to resolve the improper objections, preparing the motion to compel and the letters and responses attached to the motion and opposition, reviewing and responding to any opposition to the motion to compel, and any other work reasonably related thereto (excluding time spent on the expert discovery issue). Defendant may file a response to plaintiffs affidavit within 7 days of receipt In accordance with the rule, either party may renew a request for a hearing on the matter of sanctions. Absent a request for hearing submitted at the time defendant’s response is filed, I *498 will deem the right to a hearing waived, and I will rule on the papers.

See doCanto v. Ametek, Inc., 367 Mass. 776, 780 (1975) (‘This court has permitted the introduction of evidence of post-accident safety improvements for several purposes. For example, evidence of such a change is admissible to prove the practical possibility of making a safety improvement. See Beverly v. Boston Elev. Ry., 194 Mass. 450, 458 (1907); Coy v. Boston Elev. Ry., 212 Mass. 307, 309-10 (1912). Likewise, evidence of such a safety improvement may be admissible on the issue whether the defendant knew or should have known of the danger at the time of the plaintiffs injury. See Reardon v. Country Club at Coonamessett, Inc., 353 Mass. 702, 704-05 (1968). It is clear, therefore, that on the issues of feasibility and knowledge of the risk, two of the three grounds on which the judge admitted evidence of pre-accident safety improvements, post-accident evidence would have been admissible in his discretion. We see no reason why evidence of pre-acci-dent remedial measures should be any less admissible for the same purposes.”).

Of course, AMR shall be permitted to depose plaintiffs liability expert on similar terms but only if plaintiff elects to depose the AMR expert. Otherwise, the parties may conduct expert depositions by agreement, or a motion may be presented by AMR.