SUPERIOR COURT 
 
 EVEREEN JOHNSON as Personal Representative of the Estate of ADOLPHUS MCKENZIE v. MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

 
 Docket:
 1984CV03114-C
 
 
 Dates:
 June 12, 2023
 
 
 Present:
 Robert B. Gordon
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO COMPEL
 
 

       Plaintiff in this wrongful death action has sought, pursuant to Mass. R. Civ. P. 34, production of documents prepared by the MBTA, which documents comprise or relate to an internal investigation into the causes of the 2016 bus accident that killed Plaintiff's decedent. The MBTA has withheld or substantially redacted portions of responsive documents, citing to a "self critical analysis privilege" reflected in the SJC's 1988 decision in Martel v. Mass. Bay Transp. Auth., 403 Mass. 1 (1988). In Martel. the SJC extended, on policy grounds, the "subsequent remedial measures" rule of evidentiary inadmissibility (see Mass. G. Evid. § 407) to documents prepared in connection with internal investigations into the causes of accidents. See Martel, 403 Mass. at 4-5. 

-1-

      The Martel, doctrine, however, represents a rule that governs the admissibility of certain kinds of self-generated analyses at trial. It is not a common law privilege such as would permit the sheltering of covered documents from the reach of discovery. To the contrary, decisions of the Superior Court that have considered this very issue have held that internal investigative documents qualifying for trial-inadmissibility under Martel may not be withheld from production during discovery. See, e.g., O'Brien v. American Medical Response of Mass.• 31 Mass. L. Rptr. 495 (Sept. 12, 2013) (McDonough, J.). Accord Bellerrnan v. Fitchburg Gas & Light Co., 2010 WL 3328046 (Mass. Super. Ct. 2010) (Kenton-Walker, J.) (holding plaintiff entitled to discovery of documents from internal investigation, and rejecting argument that subsequent remedial measure was not subject to discovery); Labbe v. Home Depot USA, 22 Mass. L. Rptr. 310 at n.3 (Mass. Super. C. 2007) (MacDonald, J.) (allowing post-accident discovery of subsequent remedial measures).

      Accordingly, the Plaintiffs Motion to Compel Production is ALLOWED. The MBTA is directed forthwith to turn over to the Plaintiff all responsive documents withheld to date, in an unredacted form. As to any document (or portion thereof) as to which any other form of legal privilege is claimed, the MBTA shall concurrently produce a privilege log that complies with the provisions of Mass. R. Civ. P. 26(b)(5).

SO ORDERED.

s/Robert B. Gordon
Justice of the Superior Court

June 12, 2023